IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-718-D

| | |
|---|---|
| ARLENA LEE MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

On February 18, 2015, Magistrate Judge Jones issued a Memorandum and Recommendation ("M&R") [D.E. 44]. In the M&R, Judge Jones recommended that the court deny Arlena Lee Martin's ("plaintiff" or "Martin") motion for judgment on the pleadings [D.E. 29], grant defendant's motion for judgment on the pleadings [D.E. 34], and affirm defendant's final decision. On March 13, 2015, Martin filed objections to the M&R [D.E. 49]. Defendant did not respond to the objections. On March 19, 2015, Martin moved to remand based on allegedly new and material evidence [D.E. 50]. On March 24, 2015, defendant responded in opposition to the motion to remand [D.E. 53].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and Martin's objections. As for those portions of the M&R to which Martin made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence which a reasonable mind "might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Walls, 296 F.3d at 290; Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Martin's objections generally restate the arguments made to Judge Jones concerning the ALJ's evaluation of medical testimony, the weight the ALJ placed on that testimony, and the alleged new evidence. See [D.E. 49] 4–20. Both Judge Jones and the ALJ applied the proper legal standard. See M&R 5–45. Moreover, substantial evidence supports the ALJ's analysis with respect to those objections. See id. Thus, the court overrules the objections.

2

In overruling the objections, the court notes its disappointment in plaintiff's counsel. Plaintiff's counsel used selective quotations to make arguments that, simply put, misstate the record. For example, plaintiff's counsel contends that Judge Jones "failed to review and consider" the reply brief that she filed on December 15, 2014, because Judge Jones noted that "the time for filing a reply has expired." [D.E. 49] 2. The statement directly contradicts the M&R of February 18, 2015. See M&R 1 ("Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties . . . ."). Similarly, plaintiff's counsel asserts that "ALJ Hall committed reversible error by substituting her own lay opinion for that of a medical expert." [D.E. 49] 17. Plaintiff's counsel then purports to quote the ALJ's decision to suggest that the ALJ relied on the ALJ's observations alone. Id. (asserting that "ALJ Hall stated: '. . . observations by the Administrative Law Judge do not reveal any evidence'" of markedly restricted activities). Plaintiff's counsel specifically omitted, however, the beginning of the ALJ's explanation in which the ALJ stated that "the medical evidence and observations by" the ALJ did not show evidence of a person with markedly restricted activities. Tr. 30 (emphasis added).

The court can and does expect candor and accuracy in the submissions of members of the bar. Plaintiff's counsel is warned that her tactics are not appreciated and will be met with sanctions if they recur.

Notwithstanding the conduct of plaintiff's counsel, a remand is appropriate based on an argument that plaintiff did not make to Judge Jones but did make in her objections. See [D.E. 49] 21. Unfortunately, the Fourth Circuit permits such sandbagging in cases where a district judge requests an M&R from a magistrate judge. See, e.g., United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992); Cannon v. Astrue, No. 4:08-CV-160-D, 2010 WL 902485, at *2 (E.D.N.C. Mar. 11, 2010) (unpublished); but see Williams v. McNeil, 557 F.3d 1287, 1291–92 (11th Cir. 2009) (noting that

3

several circuits do not permit a party to raise new arguments to district court judges that they failed to raise before magistrate judges). On January 10, 2012, the North Carolina Department of Health and Human Services ("NCDHHS") found that Martin was disabled and eligible for Medicaid. Tr. 279–82. Martin testified at the hearing that she was on Medicaid. Tr. 44. The ALJ noted that she had "also considered other opinion evidence in accordance with the requirements of . . . [SSR] 06-3p." Tr. 25. The ALJ did not, however, make findings regarding the NCDHHS decision. Martin argues that this failure to discuss the NCDHHS decision requires remand. See [D.E. 49] 21.

An ALJ must consider decisions by other government agencies that a claimant is disabled, although these decisions are not binding on the ALJ. See, e.g., Soc. Sec. Ruling 06-03p ("SSR 06-03p"), 2006 WL 2329939, at *6 ("[E]vidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered."); 20 C.F.R. § 404.1512(b)(5) (defining as evidence "[d]ecisions by any governmental or nongovernmental agency about whether you are disabled or blind"). The ALJ should "explain the consideration given to these decisions in the notice of decision for hearing cases." SSR 06-03p, 2006 WL 2329939, at *7. Here, the ALJ's failure to discuss the NCDHHS decision requires remand. See, e.g., Best v. Colvin, No. 4:13-CV-231-D, 2015 WL 400560, at *6–7 (E.D.N.C. Jan. 28, 2015) (unpublished); Herbert v. Colvin, No. 4:12-CV-141-D, 2013 WL 3776276, at *4–6 (E.D.N.C. July 17, 2013) (unpublished) (collecting cases); Batchelor v. Colvin, 962 F. Supp. 2d 864, 867–68 (E.D.N.C. 2013) (collecting cases). Furthermore, the ALJ's error in failing to discuss the NCDHHS decision is not harmless. See, e.g., Caraballo v. Colvin, No. 4:12-CV-125-D, 2013 WL 3197070, at *4 (E.D.N.C. June 21, 2013) (unpublished). Accordingly, the court remands the action to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings. In light of this disposition, the court denies as moot Martin's motion to remand under sentence six of 42 U.S.C. § 405(g).

In sum, Martin's objection to the M&R concerning the NCDHHS decision [D.E. 49] is SUSTAINED, Martin's motion for judgment on the pleadings [D.E. 29] is GRANTED, defendant's motion for judgment on the pleadings [D.E. 34] is DENIED, and the action is REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g). In remanding, the court expresses no opinion on the ultimate outcome. In light of the remand under sentence four, the court DISMISSES as moot Martin's motion to remand under sentence six of 42 U.S.C. § 405(g) [D.E. 50].

SO ORDERED. This **26** day of March 2015.

JAMES C. DEVER III
Chief United States District Judge